UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHAEL TRIBOUT, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | NO: |
| ) | |
| RICKY ALLEN JINDRA & ) | |
| NORSEMEN TRUCKING, INC., a corporation, ) | |
| ) | |
|    Defendants. ) | |

**COMPLAINT**

**COUNT I**
(Negligence)
Rachel Tribout v. Ricky Allen Jindra

NOW COMES the Plaintiff, Rachel Tribout, by and through her attorneys, Rich, Rich, Cooksey & Chappell, P.C, and for her cause of action against the Defendant, Ricky Allen Jindra, respectfully represents unto the Court as follows:

1. On January 15, 2022 and at all times relevant hereto, Plaintiff, Rachel Tribout, was a resident of the City of Swansea, in the State of Illinois, and is therefore a citizen of the State of Illinois.

2. That on January 15, 2022 and at all times relevant hereto, the Defendant, Ricky Allen Jindra, was a resident of the City of Mason City, in the State of Iowa, and is therefore a citizen of the State of Iowa.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C. § 1391, because the claim arose in this judicial district.

6. That on January 15, 2022 and at all times relevant hereto, Plaintiff was operating a motor vehicle that was traveling Eastbound on Interstate 64, at the mile post 4.5, in the County of St. Clair, in the State of Illinois.

7. That on January 15, 2022 and at all times relevant hereto, Defendant, Ricky Allen Jindra, was operating a motor vehicle traveling Eastbound on Interstate 64, at the mile post 4.5, in the County of St. Clair, in the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, Ricky Allen Jindra, struck the rear of Plaintiff's vehicle, causing her to hit a concrete barrier.

9. That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

   b. The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the Plaintiff's vehicle;

   c. The Defendant failed to properly apply the brakes of his vehicle; and

   d. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601.

10. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Ricky Allen Jindra, the Plaintiff was injured in one or more of the following ways:

   a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

    b.      The Plaintiff received injuries to her back;

    c.      The Plaintiff received injuries to her left hip;

    d.      The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    e.      The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    f.      The Plaintiff has suffered disability as a result of her injuries;

    g.      The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    h.      The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Rachel Tribout, prays judgment against the Defendant, Ricky Allen Jindra, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this suit.

## COUNT II
(Negligence)
Rachel Tribout v. Norsemen Trucking, Inc., a corporation

NOW COMES the Plaintiff, Rachel Tribout, by and through her attorneys, Rich, Rich, Cooksey & Chappell, P.C, and for her cause of action against the Defendant, Norsemen Trucking, Inc., a corporation, respectfully represents unto the Court as follows:

    1.      On January 15, 2022 and at all times relevant hereto, Plaintiff, Rachel Tribout, was a resident of the City of Swansea, in the State of Illinois and is therefore a citizen of the State of Illinois.

    2.      That on January 15, 2022 and at all times relevant hereto, the Defendant, Norsemen Trucking, Inc., a corporation, was an Iowa corporation with its principal place of business located in the city of Lake Mills, in the State of Iowa.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C. § 1391, because the claim arose in this judicial district.

6. That on January 15, 2022 and at all times relevant hereto, Plaintiff was operating a motor vehicle that was traveling Eastbound on Interstate 64, at the mile post 4.5, in the County of St. Clair, in the State of Illinois.

7. That on January 15, 2022 and at all times relevant hereto, the Defendant, Norsemen Trucking, Inc., by and through its agent and employee, Ricky Allen Jindra, was operating a motor vehicle traveling Eastbound on Interstate 64, at the mile post 4.5, in the County of St. Clair, in the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, Norsemen Trucking, Inc., a corporation, by and through its agent and employee, Ricky Allen Jindra, struck the rear of Plaintiff's vehicle, causing her to hit a concrete barrier.

9. That at said time and place, the Defendant, by and through its agent and employee, Ricky Allen Jindra, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

   b. The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the Plaintiff's vehicle;

   c. The Defendant failed to properly apply the brakes of his vehicle; and

    d.    The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601.

10. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Norsemen Trucking, Inc., a corporation, by and through its agent and employee, Ricky Allen Jindra, the Plaintiff was injured in one or more of the following ways:

    a.    The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

    b.    The Plaintiff received injuries to her back;

    c.    The Plaintiff received injuries to her left hip;

    d.    The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    e.    The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    f.    The Plaintiff has suffered disability as a result of her injuries;

    g.    The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    h.    The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Rachel Tribout, prays judgment against the Defendant, Norsemen Trucking, Inc., for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this suit.

Respectfully submitted,

/s/ Kristina D. Cooksey
BY:     RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Mr. Aaron J. Chappell #6311028
Ms. Caitlin R. Rich # 6334176
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrccfirm.com