IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHAEL TRIBOUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-02173-DWD |
| | ) |
| RICKY ALLEN JINDRA and NORSEMEN TRUCKING, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On September 16, 2022, Plaintiff filed a Complaint (Doc. 1) grounded in negligence and purportedly based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1, pgs. 1, 3). Plaintiff alleged, "at all times relevant hereto, Plaintiff…was a resident of the City of Swansea, in the State of Illinois, and is therefore a citizen of the State of Illinois." (Doc. 1, pgs. 1, 3). With respect to Defendant Jindra, Plaintiff alleged, "at all times relevant hereto, the Defendant…Jindra, was a resident of the City of Mason City, in the State of Iowa, and is therefore a citizen of the State of Iowa." (Doc. 1, pg. 1). Relating to Defendant Norsemen Trucking, Inc., Plaintiff alleged, "at all times relevant hereto, the Defendant, Norsemen Trucking, Inc., a corporation, was an Iowa corporation with its principal place of business located in the city of Lake Mills, in the State of Iowa." (Doc. 1, pg. 3).

Following a preliminary review of the Complaint, the Court, on September 19, 2022, ordered Plaintiff to file a jurisdictional supplement "[s]o the Court may satisfy itself of subject matter jurisdiction." (Doc. 9). In that Order, the Court noted the above-stated

allegations and alluded to the differences between residence and citizenship in the context of subject matter jurisdiction. (Doc. 9) (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); citing *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)).

On September 21, 2022, Plaintiff filed an Amended Complaint (Doc. 11), seemingly in response to the Court's September 19, 2022, Order (Doc. 9). In the Amended Complaint, Plaintiff added street addresses under the parties' names in the caption of the case.[1] (Doc. 11, pg. 1). Plaintiff also added the relevant county to the above-quoted descriptions of the residence and citizenship of Plaintiff, Defendant Jindra, and Defendant Norsemen Trucking, Inc. (Doc. 11, pgs. 1, 3-4). Otherwise, the above-quoted descriptions were resubmitted in the same form as in the Complaint. (Docs. 1, pgs. 1, 3; 11, pgs. 1, 3-4).

Under § 1332(a)(1), the Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Court again notes, in this context, "residence and citizenship are not synonyms, and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson*, 299 F.3d at 617 (citing *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998)); *accord Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009). Citizenship, which is what "matters for purposes of the diversity jurisdiction," is determined by a person's domicile. *See Meyerson*, 299 F.3d at 617; *Dakuras*, 312 F.3d at 258. Domicile, in turn, "is the place one intends to remain."

---

[1] The Court notes that Plaintiff did not underline the new material added to the Amended Complaint, as required by Local Rule 15.1.

*Dakuras*, 312 F.3d at 258. The Court emphasizes, to establish domicile, there must be both "physical presence in a state" and an "intent to remain there." *Denlinger*, 87 F.3d at 216.

Here, Plaintiff's Complaint and Amended Complaint conflate residence with citizenship and, as a result, imprecisely allege diversity jurisdiction. (Docs. 1, pgs. 1, 3; 11, pgs. 1, 3-4). As discussed above, residing at a fixed address within a state, by itself, is insufficient for purposes of citizenship. The party must instead be domiciled in the state, which requires physical presence in the state *and* an intent to remain in that state. Plaintiff's Complaint and Amended Complaint are silent on the latter requirement in relation to Plaintiff and Defendant Jindra. Accordingly, the Court **DIRECTS** Plaintiff to file a jurisdictional supplement to the Amended Complaint by October 17, 2022.

**SO ORDERED.**

Dated: September 26, 2022

_____
DAVID W. DUGAN
United States District Judge